UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TORM HOUSE, etc., et al.,

    Plaintiffs,

v.                          CASE NO. 8:12-CV-2519-T-17AEP

PLANNED PARENTHOOD
FEDERATION OF AMERICA,
et al.

    Defendants.

_____/

ORDER

This cause is before the Court on:

    Dkt. 1    Verified Complaint for False Claims, Fraud, Economic Sabotage, Breach of Fiduciary Duties, and Conspiracy to Commit the Same

This cause is before the Court sua sponte. At this time, Plaintiff Torm Howse is proceeding pro se. The Court reminds Plaintiff that Plaintiff is subject to the Federal Rules of Civil Procedure, and the Local Rules of the Middle District of Florida.

Plaintiff has filed a Verified Complaint which includes the following:

| | |
|---|---|
| Count I | Racketeering (RICO) |
| Count II | False Claims |
| Count III | Breach of Contract |

Plaintiff Howse seeks various forms of relief, including injunctive declarations, criminal investigation, dissolution of a federal agency and termination of employment of various federal employees and elected members of Congress, the award of $450 million to Plaintiff from the Federal Government for Plaintiff's whistleblowing, re-

Case No. 8:12-CV-2519-T-17AEP

establishment of a modernized gold standard, a declaration voiding "Obamacare," the transformation of all forms of welfare into jobs, and other relief.

I. "Shotgun" Complaint

Rule 8 of the Federal Rules of Civil procedure requires that "[a] pleading that states a claim for relief must contain...a short and plan statement of the claim showing that the pleader is entitled to relief," and that "[e]ach allegation must be simple, concise and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). "[T]he statement need only give the defendant fair notice of what the...claim is and the ground upon which it rests." Erickson v. Pardus, 551 U.S. 879, 93 (2007). The Eleventh Circuit Court of Appeals has routinely condemned "shotgun" pleadings. Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 979 & n. 54 (11th Cir. 2008). A "shotgun pleading" is a pleading that "incorporate[s] every antecedent allegation by reference into each subsequent claim for relief or affirmative defense." Wagner v. First Horizon Pharm. Corp., 464 F.3d 1272, 1279 (11th Cir. 2006). Shotgun pleadings make it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." Anderson v. Dist. Bd. Of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996).

The Court dismisses Plaintiff's Verified Complaint without prejudice for failure to comply with the Federal Rules of Civil Procedure. The Court grants leave to Plaintiff to file an amended complaint within fourteen days which complies with the Federal Rules of Civil Procedure and the Local Rules. The amended complaint shall include only coherent, concise factual allegations and shall set forth recognized causes of action in numbered counts against specific defendants named as parties. The Court emphasizes that Plaintiff must comply with Fed. R. Civ. P. 8. Failure to comply with this Order may result in the dismissal of this case with prejudice. Accordingly, it is

Case No. 8:12-CV-2519-T-17AEP

**ORDERED** that the Verified Complaint (Dkt. 1) is **dismissed without prejudice**, and Plaintiff shall file an amended complaint within fourteen days in compliance with this Order. The Court **denies** all pending motions as moot.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 26th day of November, 2012.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record