UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TORM HOWSE <u>EX</u> <u>REL</u>. THE
UNITED STATES, ET AL.,

        Plaintiffs,

v.                                          CASE NO.  8:12-CV-2519-T-17AEP

PLANNED PARENTHOOD
FEDERATION OF AMERICA,
ET AL.,

        Defendants,

and

TORM HOWSE, INDIVIDUALLY, AS
A TAXPAYER, AND <u>EX</u> <u>REL</u>. EACH
AND ALL FIFTY (50) OF THE
SEVERAL SISTER STATES AND
COMMONWEALTHS,

        Cross-Plaintiffs,

v.

UNITED STATES A.K.A. THE UNITED
STATES FEDERAL GOVERNMENT,

        Cross-Defendant.

_____/

ORDER

This cause is before the Court on:

Dkt. 43      Rule 59(e) Motion to Correct Plain Errors and For True
              Reconsideration, to Vacate the Judgments, and for New
              Judges

Case No.  12-CV-2519-T-17AEP

Plaintiff requests that all orders and judgments entered in this case be vacated, that all Default Judgment packages be entered by the Clerk, and that new judges be appointed.  Plaintiff does not seek leave to amend the Amended Complaint.

The Orders entered in this case include:

Dkt. 23      Order Denying Emergency Motion;

Dkt. 25      Order Dismissing Verified Complaint without   prejudice; granting leave to file amended complaint within fourteen days; denying all pending motions as moot;

Dkt. 40      Endorsed Order denying Motion to Compel;

Dkt. 41      Order Granting Plaintiff's Motion for Belated Acceptance of the Amended Complaint; dismissing Count I with prejudice; dismissing Count II and III for lack of subject matter jurisdiction;  dismissing Count IV in part as moot and in part for lack of  subject matter jurisdiction

I. Motion to Recuse

A. Standard of Review

A judge must disqualify himself if his impartiality might reasonably be questioned or if he has a personal bias or prejudice against a party.  28 U.S.C. Sec. 455.  Usually, bias sufficient to disqualify a judge must stem from an extrajudicial source, except "where such pervasive bias and prejudice is shown by otherwise judicial conduct as would constitute bias against a party."  Davis v. Board of School Comm'rs of Mobile County, 517 F.2d 1044, 1051 (5th Cir.1975), cert. denied, 425 U.S. 944, 96 S.Ct. 1685, 48 L.Ed.2d 188 (1976).  A judge should be disqualified only if a reasonable person, apprised of all the facts and circumstances, would question the judge's impartiality.  Hunt v. Am Bank and Trust Co. of Baton Rouge, 783 F.2d 1011, 1015 (11th Cir. 1986);

2

Case No. 8:13-CV-697-T-17MAP

Potashnick v. Port City Constr. Co., 609 F.2d 1101, 1110-11 (5th Cir.), cert. denied, 449 U.S. 820, 101 S.Ct. 78, 66 L.Ed.2d 22 (1980).

B.    Discussion

Pursuant to 28 U.S.C. Sec. 455(a), any justice, judge or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality may reasonably be questioned.  28 U.S.C. Sec. 455(a).   Sec. 455(b) requires disqualification under specific circumstances, including a situation in which a judge has a personal bias or prejudice concerning a party.  28 U.S.C. Sec. 455(b)(1).    The judge's bias must be personal and extrajudicial, and must derive from something other than what the judge learned by participating in the case.   The standard under Sec. 455 is an objective standard, requiring the district court to ask whether a disinterested observer, fully informed of the facts underlying the grounds on which recusal was sought, would have a significant doubt about the judge's impartiality.  Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000).   In general, a judge's rulings in a case are not valid grounds for recusal.  Loranger v. Stierheim, 10 F.3d 776, 780 (11th Cir. 1994).

Plaintiff Howse argues that the assigned judicial officers have a personal bias or prejudice, and the Court's Orders are wrong.

Plaintiff's Motion for Recusal rests solely on  rulings in this case, which is not a valid ground for recusal.   There is no evidence within the record which would cause a disinterested observer to doubt the Court's impartiality.

After consideration, the Court denies the Motion to Recuse.

3

Case No. 8:13-CV-697-T-17MAP

II.   Motion to Alter or Amend Judgment

A.  Standard of Review

The only grounds for granting [a Rule 59(e) motion] are newly discovered evidence, or manifest errors of law or fact.  <u>Arthur v. King</u>, 500 F.3d 1335, 1343 (11th Cir. 2005).  An intervening change in the law is a further ground for relief.  <u>Cover v. Wal-Mart Stores, Inc.</u>, 148 F.R.D. 294, 295 (M.D. Fla. 1993).  However, a Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.  <u>Linet v. Village of Wellington, Fla.</u>, 408 F.3d 757, 763 (11th Cir. 2005).

B.  Discussion

Plaintiff argues that the <u>sua</u> <u>sponte</u> dismissal of the Amended Complaint is a manifest error of law, such that all orders entered in this case should be vacated, the case reopened, and new judicial officers assigned.  Plaintiff outlines in detail Plaintiff's dissatisfaction with the Court's rulings.  (Dkt. 43, pp. 2-17).

1.  Background

The Court dismissed the Complaint (Dkt. 1) <u>sua</u> <u>sponte</u>, without prejudice, and directed Plaintiff to file an amended complaint which complied with the Federal Rules of Civil Procedure and the Local Rules.  (Dkt. 25).   Plaintiff filed an amended complaint. (Dkt. 32).  The Court recognizes that Plaintiff attempted to comply with the Federal Rules of Civil Procedure; the Verified Complaint (Dkt. 1) was 85 pages long, and the First Amended Complaint is 34 pages long.  Nevertheless, after reviewing the Amended Complaint, the Court concluded that Count I did not state a claim upon which relief could be granted, and that other Counts were due to be dismissed for lack of

4

Case No. 8:13-CV-697-T-17MAP

jurisdiction or mootness.

The Court bears in mind that a claim has facial plausibility when the pleaded factual content allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007). Determining whether a complaint states a claim is context-specific, requiring the reviewing court to draw on its experience and common sense.  Id.  Count I was brought under 18 U.S.C. Sec. 1961, et seq, the Racketeer Influenced and Corrupt Organizations Act.  Upon reviewing the Amended Complaint, the Court concluded that Count I did not plead facts which allowed the Court to draw the reasonable inference that Defendants were liable for the misconduct alleged.  The Court dismissed Count I for failure to state a claim based on the failure to allege facts which establish proximate causation.  (Dkt. 41, pp. 9-10).  The dismissal was with prejudice due to the futility of permitting Plaintiff to amend the Amended Complaint.

There is a difference between dismissal for failure to state a claim, and dismissal for frivolousness.  Neitzke v. Williams, 490 U.S. 319 (1989).  Not all unsuccessful claims are frivolous.  In this case, in Count I Plaintiff Howse sought injunctive declarations enjoining the practice of abortion, forbidding the use of public monies for abortion, and enjoining all government-sponsored programs to fund, practice or promote contraception, sterilization, and loss of birth rate in general; Plaintiff Howse did not seek an award of damages.  Plaintiff Howse alleged that the U.S. Government and state governments authorized programs which offer abortion, contraception and sterilization services to the public.  The Court understood the "pattern of racketeering activity" to be the submission of claim forms for reimbursement to the U.S. Government and state governments over a period of time by a person distinct from the "enterprise." Because the Court concluded that Count I did not state a claim, the Court did not make any specific findings as to whether the Amended Complaint was vexatious or frivolous. The Court now notes an alternative basis for dismissal, the Court's inherent authority to

5

Case No. 8:13-CV-697-T-17MAP

dismiss frivolous claims.  The theory on which Count I is based is irrational.  A claim is frivolous when it "has little or no chance of success," i.e. when it appears "from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless."  Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1983).

Other courts have permitted the dismissal of causes of action which rest on irrational theories.   See, e.g., Morris v. Bush, 2008 WL 5231843 (N.D. Fla. 2008), citing Tyler v. Carter, 151 F.R.D. 537, 540 (S.D.N.Y.), affirmed 41 F.3d 1500 (2nd Cir. 1994)( "A plaintiff asserting fantastic or delusional claims should not, by payment of a filing fee, obtain a license to consume limited judicial resources and put defendants to effort and expense."); Davis v. Kvalheim, 261 Fed. Appx. 231, 235 (11th Cir. 2008)(unreported)(affirming district courts' inherent authority to dismiss frivolous claims sua sponte).

A district court is generally prohibited from dismissing claims sua sponte. Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, 695 F.2d 524, 527 (11th Cir. 1983).  Sua sponte dismissal is inappropriate where: 1) defendant has not filed an answer and the plaintiff still has a right under Rule 15(a) to amend the complaint; 2) the plaintiff's claim was brought in good faith and was not vexatious or patently frivolous; 3) the district court has provided plaintiff with neither its intent to dismiss the complaint nor an opportunity to respond.  Danow v. Borack, 197 Fed. Appx. 853, 856 (11th Cir. 2006). The Court may satisfy the notice requirement of Jefferson without issuing a traditional order to show cause when the plaintiff has already been heard on the issues or has had an opportunity to respond.  Instituto de Prevision Militar v. Lehman Bros., 485 F.Supp. 1340, 1347 (S.D. Fla. 2007).  In reviewing the lengthy Complaint (Dkt. 1), the Court found the Complaint difficult to understand, verging on incomprehensible , and more like a diatribe than a pleading in a federal lawsuit.  In an effort to avoid delay, the Court directed Plaintiff to file an amended complaint which complied with the Federal Rules of

6

Case No. 8:13-CV-697-T-17MAP

Civil Procedure, with emphasis on Rule 8.  The amended complaint is an improvement over the initial complaint, but the theory underlying Count I is the same, and it is still irrational.

The Court outlined its reasons for dismissal of Count I and the other parts of the Complaint; Rule 12(b)(6) permits dismissal based on dispositive issues of law.  The Court further notes that a patently insubstantial complaint may be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1).  In this case the Court looked to dispositive legal and jurisdictional issues, rather than rely on the Court's inherent authority to dismiss a frivolous complaint, an authority which the Court rarely finds it necessary to exercise.   This case is the rare case in which a dismissal for frivolousness would be justified.

After consideration, the Court denies the Motion to Amend/Correct Order, for Reconsideration, and to Vacate Order.  Accordingly, it is

ORDERED that the Motion for Recusal is **denied**, and the Motion to Amend/Correct Order, for Reconsideration, and to Vacate Order is **denied**.  (Dkt. 43).

DONE and ORDERED in Chambers in Tampa, Florida on this 22 day of July, 2013.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record

7